UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATISHA PIKE,

        Plaintiff,

v.                                          Case No.  8:15-cv-275-T-24 TBM

OASIS REFRESHMENT
SYSTEM, INC.,

        Defendant.

_____/

## ORDER

      This cause comes before the Court on Defendant's Amended Motion for Dismissal and Sanctions.  (Doc. No. 11).  Plaintiff opposes the motion.  (Doc. No. 13).  As explained below, the motion is denied.

## I.  Background

      Plaintiff filed suit against Defendant under the Fair Labor Standards Act, alleging that Defendant failed to pay her overtime wages.  (Doc. No. 1).  Plaintiff was employed as a café manager, and she contends that between October of 2014 and January of 2015, she worked more than 40 hours almost every week without receiving overtime pay.  (Doc. No. 1).

      In her response to the Court's interrogatories, Plaintiff contends that she worked 288 hours of overtime during her employment with Defendant.  (Doc. No. 5).  Defendant responds that Plaintiff was an hourly employee from October 29, 2014 through November 13, 2014.  (Doc. No. 9).  Thereafter, she was promoted to Manager on November 15, 2014 and exempt from overtime through the remainder of her employment, which ended on January 23, 2015.  (Doc. No. 9).

Additionally, Defendant contends that it has evidence that Plaintiff did not work 288 hours of overtime.  First, while Plaintiff was an hourly employee, Defendant contends that Plaintiff clocked in and out using a Point of Sale terminal, and as such, Defendant can verify that Plaintiff did not work any overtime from October 29, 2014 through November 13, 2014. (Doc. No. 11-1, ¶ 9).  Second, for the hours worked after she became a manager, Plaintiff did not have to clock in and out.  However, because the café is located in a building that requires employees to scan their identification badges in order to enter and exit, the security logs show that Plaintiff was not in the building for enough time to generate 288 hours of overtime.  (Doc. No. 9).  As a result, Defendant contends that the highest number of overtime hours that Plaintiff could have possibly worked, based on the security logs, was slightly more than 23 hours (although Defendant disputes that Plaintiff worked *any* overtime hours).

## II.  Motion to Dismiss for Fraud on the Court

Defendant moves to dismiss this case, arguing that the above-described evidence shows that Plaintiff has committed fraud on the Court by intentionally falsifying and exaggerating the number of hours that she worked.  Plaintiff responds that she did not commit perjury and that regardless, perjury is not equivalent to fraud on the Court.  As explained below, the Court concludes that the dismissal is not warranted at this time.

Plaintiff contends in a footnote that she has not committed perjury, because the security logs do not tell the whole story.  Instead, she contends that: (1) her security badge did not always work properly; (2) there are actual time sheets with her signature that show when she entered and exited the building; (3) her supervisor manipulated her time sheets; and (4) she submitted reports to Defendant from home, which is work that would not show up on the security logs.  (Doc. No.

13, n.1).  The amount of hours that Plaintiff worked is clearly a factual dispute between the parties, and it should be addressed at trial.

Even if it were shown at this time that Plaintiff committed perjury, such is not equivalent to fraud on the Court.  See Travelers Indemn. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985)(stating that perjury does not constitute fraud on the court); Patterson v. Lew, 265 Fed. Appx. 767, 769 (11th Cir. 2008)(stating that fraud between the parties is not fraud on the court); Idearc Media Corp. v. Kimsey & Assocs., P.A., 2009 WL 928556, at *3 (M.D. Fla. Mar. 31, 1999).  Therefore, dismissal on the basis of fraud on the Court is not warranted.  Instead, Defendant's evidence can be the basis for vigorous cross-examination or impeachment during trial.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Amended Motion for Dismissal and Sanctions (Doc. No. 11) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record